IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD LEROY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-10-1107 |
| FREDERICK COUNTY COMMISSIONERS, CHARLES JENKINS, and STEPHEN RAU | * * | |
| Defendants | * | |

***

# MEMORANDUM

The above-captioned civil rights complaint was filed on May 3, 2010, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion will be granted.

Plaintiff, an inmate at Maryland Correctional Institution Jessup (MCIJ), claims employees at the Frederick County Detention Center violated the tobacco free policy while he was incarcerated there. Paper No. 1. In a grievance filed at the detention center, Plaintiff stated he observed a maintenance worker using smokeless tobacco and requests that no one be allowed to use tobacco products of any kind, per the policy. *Id*. at Ex. A.

Plaintiff claims nothing more than a one-time alleged violation of detention center policy. The Eighth Amendment does not protect against isolated violations of prison policy. To establish existence of conditions that constitute cruel and unusual punishment there must be a deprivation of a basic human need which, objectively, causes serious or significant physical or emotional injury. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *see also Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). Under the provisions of 28 U.S.C. § 1915(e)(2) a

case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Plaintiff's claim fails to state a claim upon which relief may be granted and shall be dismissed by separate Order which follows.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed for failure to state a claim upon which relief may be granted.

Dated: May 11, 2010

/s/
Alexander Williams, Jr.
United States District Judge